## State *v.* Baldwin University.

### (*Knoxville.* October 1, 1896.)

1. **Costs.** *For several suits for taxes, how adjudged.*

   The costs of only the first bill will be allowed for bringing three bills for taxes on the same real estate for three separate years, where all the taxes were due at the time of filing the first bill, under Acts 1891, Ch. 26, Sec. 17 (Ex. Ses.), providing that the bill shall include all taxes due and unpaid at the time of filing thereof not included in bills previously filed. (*Post,* pp. 359–361.)

   Act construed: Acts 1891, Ch. 26 (Ex. Ses.).

2. **Same.** *Same.*

   The costs of the last two of three separate bills for collection of taxes of different years, due on the same real estate, all of which were due when the first bill was filed, will be adjudged against complainants, under Acts 1891, Ch. 26, Sec. 17 (Ex. Ses.), requiring a bill for taxes to include all those due and unpaid at the date of its filing. (*Post,* pp. 359–361.)

   Act construed: Acts 1891, Ch. 26, Sec. 17 (Ex, Ses.).

3. **Attorneys' Fees.** *What are allowed back tax attorneys.*

   A tax fee of only nine dollars will be allowed for filing a bill for the collection of taxes against land divided for purposes of sale into nine blocks, which are subdivided into ninety lots. assessed to the same owner for three several years according to blocks, without any separate valuation upon the lots, under Acts 1891, Ch. 26, Sec. 17 (Ex. Ses.), providing that when taxes are collected after filing the bill, a tax fee of one dollar for each " piece or parcel of land " shall be paid to the attorney. (*Post,* pp. 361–363.)

   Act construed: Acts 1891, Ch. 26, Sec. 17 (Ex. Ses.).

### FROM HAMILTON.

Appeal from Chancery Court of Hamilton County. T. M. McConnell, Ch.

WHITE & MARTIN for Baldwin University.

COOKE, SWANEY & COOKE for State.

CALDWELL, J.   On the twenty-second of August, 1894, the State of Tennessee and the County of Hamilton filed their joint bill in the Chancery Court at Chattanooga against Baldwin University and others, to collect taxes alleged to be due on certain real estate for the year 1891.   On the same day the same complainants filed another joint bill in the same Court, and against the same defendants, to collect taxes alleged to be due on the same real estate for the year 1892.   Subsequently, on the eighth of October, 1894, the same complainants filed still another joint bill in the same Court, and against the same defendants, to collect taxes alleged to be due on the same real estate for the year 1893.   The three causes were consolidated and referred to the Master for a report as to taxes.   A report was filed showing liabilities in the different causes as follows: Under first bill for 1891, taxes and interest, $60.85, and costs, including attorney's fees, $19.80; under second bill for 1892, taxes and interest, $76.63, and costs, including attorney's fees, $20.30; and under third bill for 1893, taxes and interest, $63, and costs, including attorney's fees, $19.30.

The complainants excepted to the report because an attorney's fee of $90 was not allowed in each cause; and the defendants, on the other hand, ex-

cepted to it because it did not reject all the costs and attorney's fees in the second and third causes.

The Chancellor adjudged (1) that the complainants have a recovery for the full amount of all the taxes and interest reported in the three causes, and for the costs in the first cause, to be paid out of money in Court, as the price of the same real estate already sold in foreclosure proceedings; (2) that complainants had no right to file the second and third bills, and hence should pay costs accrued therein; and (3) that the attorney for complainants was entitled, all together, to a fee of only nine dollars, that fee to be taxed in the first cause.

Complainants appealed from the second and third rulings in that decree, and presented the grounds of their objection thereto to the Court of Chancery Appeals. That Court, Special Judge W. D. Spears delivering the opinion, affirmed the decree of the Chancellor, and the complainants have again appealed, bringing the same question before this Court.

*First.*—It was manifestly the duty of the complainants to include in the first bill all the taxes for the three years—1891, 1892, and 1893—the taxes for each of those years being due and unpaid at the time that bill was filed. The language of the statute is as follows: "The bill should include all State, county, school, railroad, road, and special taxes due and unpaid on the property at the time of filing thereof, not included in bills heretofore filed." Acts 1891 (Ex. Ses.), Ch. 26, Sec. 17, p. 83.

The first proviso of the same section (p. 84) relates exclusively to taxes subsequently certified to the attorney as delinquent, and not to any that may be in his hands at the time of the filing of the first bill. That proviso is in these words: *"Provided,* That when bills are pending for collection of taxes, due for former years, on any property shown in said statements, it may be optional with said attorney either to file an original bill or to proceed in said cause so pending, by petition, as he may deem best."

As the complainants should have embraced all these taxes for three years in one bill, they were rightfully required to pay the costs of two of the bills.

That there may be different attorneys for the collection of delinquent taxes for different years does not control the construction of the statute, or alter its obvious meaning.

*Second.*—What amount was the attorney of complainants entitled to as tax fees?

Since the taxes for the three years should all have been included in one bill, he was entitled, clearly, to compensation for filing one bill and no more. That being so, what sum should be allowed him for filing the first bill? The statute provides that "not less that twenty-five pieces of property should be embraced in the same bill, if there be that number reported delinquent in the county," and that when the taxes are collected after the filing of the bill, whether before or after sale, "a tax fee of one dollar to the attorney for each piece or parcel

of land" shall be paid by the owner or out of the proceeds of the sale, as the case may be. Acts 1891 (Ex. Ses.), Ch. 26, Sec. 17, pp. 83, 84.

"Piece" and "parcel" are the important words. They mean the same thing in this connection, and they must have been used to designate that particular area of real estate which should be certified to the attorney as having been properly valued and taxed, separate and apart from all other real estate. The attorney has no right and power to subdivide such particular area into two or more parts for the purpose of justifying more bills, or for the purpose of making more fees; nor has the owner any right or power to consolidate two or more of such particular areas to reduce the number of bills or to make fewer fees. The real estate involved in these causes seems to have been divided and subdivided, for purposes of sale, into blocks and lots, there being nine blocks and parts of blocks, comprising ninety lots, assessed to the same owner. The assessor grouped these lots according to blocks, and separately valued and assessed each of the nine blocks and parts of blocks, making nine separate assessments in all. No lot was separately valued or taxed. In view of these facts, each block and part of a block so valued and assessed is to be taken, for the purposes of this litigation, as a separate "piece" or "parcel" of land. It results, therefore, that the Chancellor and the Court of Chancery

State *v.* Baldwin University.

Appeals were right in holding that the attorney of complainants was entitled to tax fees of only $9, one for each block and part of a block assessed, and not to $90, one for each lot embraced therein.

Affirmed with costs.